## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

BRANDON FRITTS                                              PLAINTIFF
#1084818


v.                          No: 5:16-cv-141-DPM


DEXTER PAYNE, Director, Arkansas Division
of Correction;*   DALE REED, Deputy Director,
ADC;   RANDY WATSON, Warden, Varner/
SuperMax;   FLORIA WASHINGTON,
Classification Officer, Varner SuperMax;
CURTIS MEINZER, Deputy Warden, Varner
SuperMax;   MOSES JACKSON, Deputy Warden,
Varner SuperMax;   JEREMY ANDREWS, Deputy
Warden, Varner SuperMax;   BILLY INMAN,
Deputy Warden, Varner SuperMax;   and CHRIS
BUDNIK, Deputy Warden, Varner SuperMax        DEFENDANTS

### ORDER

On *de novo* review, the Court partly adopts and partly declines the
Magistrate Judge's careful and thorough recommendation, *Doc. 141,*
and overrules Fritts's objections, *Doc. 144.*   FED. R. CIV. P. 72(b)(3).

The Court disagrees on a key point.   Fritts was in administrative
segregation for four years and four months—some of that time for
punitive purposes, but most of it not.   A stay of that length may well

---

\* Dexter Payne has replaced Wendy Kelly as the Director of what is
now known as the Arkansas Division of Correction.   The Court directs
the Clerk to amend the docket.   FED. R. CIV. P. 25(d).

amount to an atypical and significant hardship requiring due process protections. The Court therefore declines the slice of the recommendation concluding otherwise. *Doc. 141 at 54*. The Court agrees with the Magistrate Judge, though, that the Defendants are entitled to qualified immunity because the law on that point is not clearly established and was not at the time of the alleged violation.

A clearly established right "must be settled law, which means it is dictated by controlling authority or a robust consensus of cases of persuasive authority[.]" *District of Columbia v. Wesby*, 138 S. Ct. 577, 589–90 (2018) (quotations omitted). The law must be "particularized to the facts of the case," and "existing precedent must have placed the . . . constitutional question beyond debate." *Morgan v. Robinson*, 920 F.3d 521, 524 (8th Cir. 2019) (quotations omitted).

There is no controlling authority or robust consensus that four years in administrative segregation implicates due process. For example, Eighth Circuit cases are at poles: The Court of Appeals has found no liberty interest implicated by being in administrative segregation for relatively short periods of two years or so. *Rahman X v. Morgan*, 300 F.3d 970 (8th Cir. 2002). At the other end, the Court of Appeals has held that more than a decade in administrative segregation does trigger due process protections. *E.g., Williams v. Norris*, 277 F. App'x 647, 648 (8th Cir. 2008) (unpublished *per curiam*). But there's a

- 2 -

gray area between the twenty-six months in *Rahman X* and the twelve years in *Williams*.   Without any guidance in that middle, the contours of the due process right were too uncertain to give officials fair warning here that their conduct might be unconstitutional.   *Sok Kong Trustee for Map Kong v. City of Burnsville*, 960 F.3d 985, 992 (8th Cir. 2020).   The Defendants are therefore entitled to qualified immunity on Fritts's due process claim.

Fritts argues hard that *Chestang v. Varner Super Max* clearly established that a four-year stint in administrative segregation implicates a liberty interest.   496 F. App'x 684 (8th Cir. 2013) (unpublished *per curiam*).   As the Magistrate Judge noted, though, the difference in procedural posture matters:   it's easier to plead an atypical and significant hardship than it is to prove one.   Fritts's case is beyond the pleadings.   Further, like *Williams*, *Chestang* is an unpublished *per curiam* decision.   It is not precedent.   EIGHTH CIRCUIT LOCAL RULE 32.1A.   That decision therefore "provides little, if any, support for imposing liability based on clearly established law[.]" *Blazek v. City of Iowa City*, 761 F.3d 920, 925 n.3 (8th Cir. 2014).

Fritts also objects to the Court considering qualified immunity at all.   The Defendants pleaded qualified immunity and invoked it in passing in their motion for summary judgment.   *Doc. 110 at 1.*   They did not flesh it out in their brief.   Rather than arguing that the law

- 3 -

wasn't clearly established, they focused their brief on arguing that there was no liberty interest and that Fritts received the process he was due. *Doc. 109 at 5–36.*   The Magistrate Judge addressed qualified immunity, however, and this Court therefore gave both sides an opportunity to be heard on whether the right at issue was clearly established.   The Court is aware of no authority — and Fritts cites none — holding that a Court abuses its discretion in considering an argument in these circumstances.   Fritts's objection is therefore overruled.

The Court adopts the remainder of the recommendation.   The Defendants are entitled to qualified immunity on Fritts's due process claim;   and Fritts's Equal Protection and Eighth Amendment claims fail on the merits.   The motion for summary judgment, *Doc. 107, 110 & 114,* is therefore granted.   Fritts's remaining claims will be dismissed with prejudice.

So Ordered.

*DP Marshall Jr.*

D.P. Marshall Jr.
United States District Judge

4 September 2020